UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DR. RAYMOND C. TAYLOR, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:05CV798 JCH |
| ) | |
| DR. CHRIS L. WRIGHT, et al., ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendants' Motion to Dismiss, filed July 5, 2005. (Doc. No. 5). The motion is fully briefed and ready for disposition.

## BACKGROUND

By way of background, Plaintiff Dr. Raymond C. Taylor, a fifty-three year old male, was a teacher, department chairperson, and principal in the Hazelwood School District for thirty-one years. (Compl., ¶ 20). At all times relevant to this action, Dr. Taylor was the principal of Kirby Junior High School. (Id., ¶ 5).

According to Plaintiff[1], during the 2002-2003 school year, a Hazelwood School District policy offered a full year's salary to certificated personnel, including principals, if they would retire at the earliest available opportunity. (Compl., ¶ 22). Although Dr. Taylor became eligible for the early retirement incentive at the end of the 2002-2003 school year, he chose to pass up the benefit, in order to work toward a forty year service career. (Id., ¶¶ 23-24).

---

[1] The majority of information in the Court's background section is derived from Plaintiff's Complaint, to which Defendants have not filed an Answer. For purposes of this Order, the Court accepts Plaintiff's allegations as true.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff asserts that shortly after his decision to reject the early-out, Defendant Dr. Chris L. Wright, Superintendent of the Hazelwood School District, "instructed Dr. Tobias on how to go about the process of terminating Dr. Taylor's employment as Principal of Kirby Jr. High School." (Compl., ¶ 44).[2] As a result of this directive, Plaintiff maintains that during the following school year, he was subjected to an increase in duties and performance demands. (Compl., ¶ 27). Plaintiff further alleges that contrary to Hazelwood Board of Education policy, he received no formative evaluation reports that year. (Id., ¶¶ 14, 29).[3] Rather, Plaintiff asserts Defendant Dr. Grayling Tobias, Assistant Superintendent, presented him with a summative evaluation in April, 2004, which contained, "vague and ambiguous statements about formulating a performance improvement procedure but gave no specific plan, measurement standards, measurement instrument, or timelines other than to state that everything must be completed within approximately 1 ½ months." (Id., ¶¶ 31, 32).

Plaintiff elected to rebut the summative evaluation, and proceeded through the Hazelwood School District grievance procedure with the help of the National Education Association. (Compl., ¶ 33). As a result of the grievance proceedings Dr. Wright withdrew the negative evaluation, and informed Plaintiff that the matter was closed. (Id., ¶ 34).

On May 31, 2004, Plaintiff completed an Intake Questionnaire with the Equal Employment Opportunity Commission ("EEOC"). (Defendants' Motion to Dismiss, Exh. A). In his Questionnaire, Plaintiff stated that he was discriminated against by his employer, the Hazelwood

---

[2] Plaintiff maintains Dr. Wright gave her instructions during an August, 2003, school board meeting, in the presence of several school board members. (Compl., ¶ 44).

[3] According to Plaintiff, Hazelwood School Board policy requires periodic formative evaluation reports to principals, as well as formative evaluation conferences, designed to identify areas of proficiency and deficiency. (Compl., ¶ 14). Plaintiff further maintains School Board policy requires a process of remediation for any recognized deficiency reported in the formative evaluation conferences. (Id., ¶ 15).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

School District, and his supervisor, Dr. Grayling Tobias. (Id., P. 1). When asked to describe the allegedly discriminatory acts, Plaintiff asserted he was subjected to "harassment" and "retaliation," apparently as a result of his flawed evaluation process. (Id., PP. 2, 3).[4] Notably, Plaintiff did not state he believed the discrimination occurred as a result of his age. (Id.).[5]

In his Complaint, Plaintiff maintains that despite her earlier assurances, Dr. Wright informed Plaintiff in July, 2004, that the withdrawn summative evaluation remained at issue, and would be addressed and reevaluated to a conclusion by January, 2005. (Compl., ¶ 35). That same month, "as a result of discriminatory treatment, harassment, being held to a more rigorous standard than other principals, and facing a biased evaluation procedure, Dr. Taylor accepted what he felt was a constructive dismissal and chose to enter what he felt was a forced retirement rather than be terminated." (Id., ¶ 36). Dr. Taylor was replaced by Dr. Richard Bass, who was thirty-seven years old at the time of his appointment. (Id., ¶ 37).

Plaintiff filed the instant Complaint on May 19, 2005. (Doc. No. 1). In his Complaint, Plaintiff names as Defendants Dr. Chris L. Wright, Superintendent; Dr. Grayling Tobias, Assistant Superintendent; and the following members of the Hazelwood Board of Education: Mark J. Behlmann, Joseph E. Donahue, Diane Dowdy, Sharon K. Hepburn, Robert Berry, Ann Gibbons, and

---

[4] Plaintiff acknowledged in his Intake Questionnaire that the acts to which he was subjected did not constitute retaliation under the EEOC's definition. (Intake Questionnaire, PP. 2, 7).

[5] In his response to Defendants' Motion to Dismiss, Plaintiff asserts the checkbox for age in the Intake Questionnaire appears to have been altered. (Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss ("Plaintiff's Memo in Opp."), P. 8). Plaintiff never alleges that he attempted to pursue a claim of age discrimination with the EEOC, however, and the Court's review of Plaintiff's Intake Questionnaire reveals an affirmative decision to state claims of discrimination on bases other than age.

- 3 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Desiree Whitlock.[6] Plaintiff asserts Defendants' actions violated his rights under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"). (Id., ¶ 1).[7]

As stated above, Defendants filed the instant Motion to Dismiss on July 5, 2005. (Doc. No. 5). In their motion, Defendants maintain Plaintiff's sole count alleging a violation under the ADEA must be dismissed due to Plaintiff's failure to exhaust his administrative remedies, because he failed to claim age discrimination within his charge of discrimination to the EEOC. (Id., ¶ 2). Defendants further assert Plaintiff's ADEA claim against the nine individual Defendants must be dismissed, as only the employing entity is liable under the ADEA. (Id., ¶ 3). Finally, Defendants maintain all Defendants other than Dr. Tobias must be dismissed, as Plaintiff failed to identify them in his EEOC charge of discrimination. (Id., ¶ 4).

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action should not be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46

---

[6] In his response to Defendants' Motion to Dismiss, Plaintiff states that in his Intake Questionnaire with the EEOC, he indicated his employer, the Hazelwood School District, was responsible for the discriminatory treatment to which he was subjected. (Plaintiff's Memo in Opp., P. 8, citing Defendant's Exh. A, P. 1). While this may be true, Plaintiff admittedly did not name the School District as a Defendant in this action, nor has he requested leave to amend his Complaint to do so.

[7] In his response to Defendants' Motion to Dismiss, Plaintiff claims his action alleges a violation of Title VII of the Civil Rights Act of 1964 as well. (Plaintiff's Memo in Opp., P. 1). Plaintiff's Complaint clearly does not contain such a claim, however, nor does he elaborate on the contours of the claim in his Memorandum in Opposition. The Court thus will not address any alleged Title VII violation in this Memorandum and Order.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

(1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

## DISCUSSION

### I. Administrative Exhaustion

As stated above, in their Motion to Dismiss, Defendants first assert Plaintiff's ADEA claim is barred due to his failure to file an EEOC charge alleging age discrimination. (Memorandum in Support of Defendants' Motion to Dismiss ("Defendants' Memo in Support"), PP. 3-6). Specifically, Defendants note that in the section where Plaintiff was to check boxes identifying the bases of discrimination, he marked only "Retaliation" and "Harassment", leaving the "Age" box unchecked. (Id., P. 3, citing Defendants' Exh. A).[8] Defendants further note that Plaintiff's Intake Questionnaire with the EEOC lacks any reference whatsoever to age discrimination. (Id.).

The ADEA requires claimants timely to file a charge of discrimination with the EEOC before bringing an ADEA action in court. 29 U.S.C. § 626(d). The subsequently filed lawsuit need not mirror the administrative charges, however. Duncan v. Delta Consolidated Industries, Inc., 371 F.3d 1020, 1025 (8th Cir. 2004) (citation omitted). Rather, the Eighth Circuit has held that, "[i]n determining whether an alleged discriminatory act falls within the scope of a [discrimination] claim, the administrative complaint must be construed liberally in order not to frustrate the remedial purposes of [the ADA and the ADEA] and the plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative

---

[8] Under Eighth Circuit law, the Court may consider Plaintiff's Intake Questionnaire without converting the instant motion to one for summary judgment. Faibisch v. University of Minnesota, 304 F.3d 797, 802-03 (8th Cir. 2002).

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

charge." Kells v. Sinclair Buick-GMC Truck, Inc., 210 F.3d 827, 836 (8th Cir. 2000) (internal quotations and citation omitted). "Allegations outside the scope of the EEOC charge, however, circumscribe the EEOC's investigatory and conciliatory role, and for that reason are not allowed." Id. (citation omitted). See also Duncan, 371 F.3d at 1025 (internal quotations and citations omitted) ("the sweep of any subsequent judicial complaint may be [only] as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination").

As noted above, the Court finds Plaintiff did not allege age discrimination in his EEOC complaint form. Further, upon consideration the Court finds that Plaintiff's claim of age discrimination is in no way like or reasonably related to the harassment and retaliation allegations contained in his administrative charge. See Duncan, 371 F.3d at 1025.[9] Plaintiff therefore did not administratively exhaust his age discrimination claim, and so Defendant's Motion to Dismiss on this basis must be granted. Id. at 1026.[10]

## II.    Liability Of Individual Defendants

In their second argument in favor of dismissal, Defendants maintain Plaintiff cannot recover against them, as individuals may not be held liable under the ADEA. (Defendants' Memo in Support, PP. 7-10). Upon consideration, the Court agrees that, "district courts within this circuit have declined

---

[9] In Duncan, the plaintiff filed her EEOC charge *pro se* as well, and the court addressed her unrepresented status as follows:
> We are mindful that Ms. Duncan filed her EEOC charge *pro se*. [C]ourts should not use Title VII's administrative procedures as a trap for unwary *pro se* civil-rights plaintiffs....We....therefore, when appropriate, construe civil-rights and discrimination claims charitably....Even so, there is a difference between liberally reading a claim which lacks specificity, and inventing, *ex nihilo*, a claim which simply was not made.

Duncan, 371 F.3d at 1025 (internal quotations and citations omitted).

[10] Having reviewed Plaintiff's submissions, the Court finds no reason to permit an equitable modification of the administrative deadlines and requirements, such as waiver, estoppel, or tolling.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to hold individuals liable under the ADEA." Bleckler v. Schweigert Brothers, Inc., 2004 WL 1240964 at * 1 (E.D. Mo. June 2, 2004), citing Kelleher v. Aerospace Community Credit Union, 927 F.Supp. 361, 362-63 (E.D. Mo. 1996) and Rothmeier v. Investment Advisers, Inc., 932 F.Supp. 1156, 1161 (D. Minn. 1996). The Court thus will dismiss Plaintiff's Complaint, which names only individuals as Defendants, on this basis as well.[11]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. No. 5) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED** with prejudice. An appropriate Order of Dismissal will accompany this Order.

Dated this 23rd day of August, 2005.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[11] In light of the above rulings, the Court finds it unnecessary to address Defendants' third argument in favor of dismissal.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com